UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00199-MOC

| | | |
|---|---|---|
| **PATRICK JEROME BOYD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 60-DAY |
| Vs. | ) | ORDER ON AMENDED PETITION |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Motion to Amend Section 2255 Motion. Such motion was filed within 14 days of the respondent filing its Response (#4) and Motion to Dismiss (#5).

To the extent they do not conflict with a statute or the Rules Governing § 2255 Proceedings, the Federal Rules of Civil Procedure are applicable to Section 2255 proceedings. Fed.R.Gov. §2255 Proc. 12. Rule 15(a), Fed.R.Civ.P., provides that

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1). Here, petitioner has filed his motion well within the 21 days allowed by Rule 15(a)(1) and the court can find no conflicting provision in the Section 2255 rules or the statute itself. While petitioner could have unilaterally amended his pleading even after the respondent filed its answer and motion to dismiss, the court will, in light of his pro se status, grant the motion, instruct the government to answer or otherwise respond to the claims set forth in his amended petition, and deny the Motion to Dismiss (#5) without prejudice as mooted by the

1

amended petition. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ...is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint···· Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ··· became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same). The court deems the amended petitioner to start at page two of his Motion to Amend and end at page 9 with his verification.

Finally, petitioner is advised that he has now used his one-time, unilateral amendment allowed by Rule 15(a)(1). Further amendments may or may not be allowed under Rule 15(a)(2), which the court does not interpret as broadly as does petitioner in his motion when he discusses the term "when justice so requires." Under Rule 15(a)(2), the "'grant or denial of an opportunity to amend [a complaint] is within the discretion of the District Court.'" Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Denial of leave to amend is appropriate when "(1) 'the amendment would be prejudicial to the opposing party;' (2) 'there has been bad faith on the part of the moving party;' or (3) 'the amendment would have been futile.'" Scott, 733 F.3d at 121 (quoting Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006)). Petitioner will, however, be allowed 14 days from his receipt of

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

government's response to the Amended Petitioner to file a Reply under Rule 5(d), Fed.R.Gov.§2255 Proc.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Amend Section 2255 Motion (#6) is GRANTED, the Motion to Dismiss (#5) is **DENIED without prejudice** as moot, and the government is allowed 60 days within which to Answer or otherwise respond to the Amended Petition. Petitioner shall have 14 days after receipt of such response to file his Reply.

The Clerk of Court is instructed to copy pages two through nine of the Motion to Amend (#6) and refile such with a docket entry "Amended Petition."

Signed: September 16, 2014

Max O. Cogburn Jr.
United States District Judge