| | | |
|---|---|---|
| **PATRICK JEROME BOYD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Motion for a Certificate of Appealability. In the court's Order dismissing plaintiff's petition on the merits, the court considered issuance of a Certificate of Appealability and denied such relief. The court has considered the instant motion as a request to reconsider that denial.

This Court must grant a certificate of appealability ("COA") if petitioner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To meet this standard, petitioner need not show that some jurists would grant his habeas petition as

> a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338.

The closest petitioner comes to asserting an issue that could warrant a certificate is in his argument that he received ineffective assistance of counsel in plea negotiations because advice he received as to possible maximum penalties, while then correct, was no longer correct based on subsequent appellate decisions. It has long been held that the failure of an attorney to be aware of prior controlling precedent, which might render assistance ineffective, is distinctly different from a failure of an attorney to foresee future developments in the law. In Cooks v. United States, 461 F.2d 530 (5th Cir. 1972), the Court of Appeals for the Fifth Circuit held, as follows:

> counsel's inability to foresee future pronouncements which will dispossess the Court of power to impose a particular sentence which is presently thought viable does not render counsel's representation ineffective, nor does a plea later become invalid because it is predicated upon advice correct at the time, but later proved to be erroneous by reason of a subsequent decision ... Clairvoyance is not a required attribute of effective representation.

Id. at 908 (citations and emphasis deleted); see also Hammond v. United States, 528 F.2d 15, 18 (4th Cir.1975) (citing with approval Cooks as to a different point). Thus, even petitioner's strongest claim provides no basis for granting a certificate.

The court has fully reviewed its earlier Order and Judgment and again concludes that petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for a Certificate of Appealability (#16), deemed to be a Motion for Reconsideration, is **GRANTED**, and upon reconsideration a Certificate of Appealability is again **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court transmit to the Clerk of the Court of Appeals for the Fourth Circuit a copy of such motion and this Order as it appears that petitioner has in his motion sought, in the alternative, a Certificate of Appealability from the appellate court.

Signed: March 17, 2015

Max O. Cogburn Jr.
United States District Judge