UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00199-MOC

| | | |
|---|---|---|
| **PATRICK JEROME BOYD**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's second pro se motion challenging the dismissal of his Amended Motion to Vacate, Set Aside or Correct Sentence, (#8), which Order of dismissal was entered on February 6, 2015 (#14). Petitioner appealed the dismissal of his Amended Motion to Vacate and the Fourth Circuit dismissed his appeal on June 23, 2015, in an unpublished opinion after concluding that Petitioner had failed to demonstrate that he was entitled to a certificate of appealability. See United States v. Boyd, 607 F. App'x 312, 313 (4th Cir. 2015). Petitioner did not file a petition for a writ of certiorari with the Supreme Court.

In the present motion, which is filed roughly a year after the Fourth Circuit dismissed his appeal, Petitioner again raises a claim that he was coerced by his trial counsel into entering a guilty plea to one count of conspiracy to distribute, and possession with intent to distribute cocaine and cocaine base, all in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Criminal Case No. 3:10-cr-00072-MOC-1, # 77: Judgment). See United States v. Boyd, 520 F. App'x 224 (4th Cir. 2013) (unpublished) (concluding Petitioner waived right to contest sentence and dismissing

1

without prejudice claim of ineffective assistance of counsel).

Although Petitioner labels the present motion as one filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court is convinced that his motion is in fact an unauthorized, successive Motion to Vacate pursuant to 28 U.S.C. § 2255(h). District courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir.) (internal citation omitted), cert. denied, 540 U.S. 995 (2003)). Because Petitioner is challenging the legality of his criminal judgment, the Court finds that the motion is properly considered under the provisions of § 2255(a), and as Petitioner offers no argument in the "Rule 60(b)" motion that he could not have presented in his Amended Motion to Vacate, the Court will dismiss the present motion.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to file a second, successive motion under Section 2255 to challenge his criminal judgment. Accordingly, this Court is without jurisdiction to consider his claim for collateral relief and this action will therefore be dismissed. See In re Vial, 115 F.3d 1192, 1194

(4th Cir. 1997) (en banc); Winestock, 340 F.3d at 205.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Pro se Motion to Vacate Judgment is **DENIED** and **DISMISSED** as a successive Motion to Vacate (#24).

Signed: August 14, 2016

Max O. Cogburn Jr.
United States District Judge